**UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **COURSEY FLOYD** § | |
| § | **CIVIL ACTION NO. _____** |
| *vs.* § | |
| § | **"JONES ACT" / JURY DEMANDED** |
| **BROWN WATER MARINE SERVICE,** § | |
| **INC.** § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES COURSEY FLOYD, hereinafter styled "Plaintiff," complaining of BROWN WATER MARINE SERVICE, INC., hereinafter described by name or as "Defendant," and makes and files this his Original Complaint. For cause of action, Plaintiff would respectfully show unto the Court as follows:

## I.
## PARTIES

**A.**     Plaintiff-COURSEY FLOYD resided in Mathis, Live Oak County, Texas at all times material to this cause.

**B.**     Defendant-BROWN WATER MARINE SERVICE, INC. is a Texas corporation principally located in Rockport, Texas which may be served with process by and through its registered agent: Chad S. Chapman, 843 County Road 4714, Ingleside, Texas 78362.

## II.
## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the following:

1

**A.**   Art. III, §2 of the United States Constitution (i.e., "all cases of admiralty and maritime jurisdiction");

**B.**   28 U.S.C. §1331 (i.e., "all civil actions arising under the Constitution, laws");

**C.**   28 U.S.C. §1333(1) (i.e., "any civil case of admiralty or maritime jurisdiction");

**D.**   28 U.S.C. §1916 (action by seaman, without pre-payment of costs, under the Judicial Code);

**E.**   46 U.S.C.A. §30104, *et seq.* (a.k.a., the "Jones Act"); and,

**F.**   28 U.S.C. §1367 ("supplemental jurisdiction").   See also, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 (5th Cir.1990).

## III.
## VENUE

**A.**   Defendant is principally located in Rockport, Texas (per the Texas Secretary of State) or Ingleside, Texas (per Defendant).   Both cities are located within the federal district and division known as the United States District Court, Southern District of Texas, Corpus Christi Division.

**B.**   At all times material to this cause, the Plaintiff-seaman resided within the geographic region encompassed by the United States District Court, Southern District of Texas, Corpus Christi Division.

**C.**   All or a substantial part of the Plaintiff's cause of action occurred within the waters of the United States District Court, Southern District of Texas, Corpus Christi Division.

**D.**   Defendant conducts substantial business activities on the land and in the territorial waters of the State of Texas and, more particularly, of United States District Court for the Southern District of Texas, Corpus Christi Division.

**E.**   Venue is proper in the Corpus Christi Division of the Southern District of Texas.

## IV.
## OPERATIVE FACTS

**A.**   On or about September 4, 2019, Plaintiff was aboard the tug M/V BROWN WATER V

(hereinafter identified as the "vessel" or "vessel in question") in the course and scope of his employment for Defendant, having previously been engaged by contract of employment to serve as a deckhand aboard such vessel.

**B.**     On such date and at such time, while aboard the vessel and in the course and scope of his employment, through the negligence of Defendant, its agents, servants, employees, or representatives, and/or the unseaworthiness of the vessel, Plaintiff suffered severely painful and disabling injuries to his back and body generally.

**C.**     Plaintiff's injuries occurred under the following circumstances, without limitation to same: On the date in question, the vessel was in dry dock at "Mile 533 Marine Ways, Inc." (748 E. Goodnight Ave., Aransas Pass, Nueces County, Texas) and undergoing repairs.  Plaintiff and his fellow crewmembers were tasked with assisting in the repairs to the vessel.  The weather that day was exceptionally bad due to the fact that Tropical Storm Fernand made landfall in Northern Mexico that morning.  Flooding rains were experienced throughout South Texas on September 4, 2019 and these conditions extended up to where Plaintiff was working that day (i.e., Aransas Pass, Nueces County, Texas).



**Diagram 1.** NOAA "1-Day Observed Precipitation for September 4, 2019."

**D.**     These rainy/wet conditions made Plaintiff's work on the vessel difficult and, indeed, dangerous. Shortly after he and his fellow crewmembers returned from lunch, one or more shipyard workers asked Plaintiff to help them by pulling on a pipe wrench to remove a nut securing the vessel's propeller to the shaft.[1] When Plaintiff stepped up and pulled on the pipe wrench, it slipped off the nut, Plaintiff was thrown off balance, and he fell hard upon his back.[2]

**E.**     As a result of the aforesaid acts and/or omissions of Defendant, either singularly or in combination with one another, Plaintiff was caused to sustain serious and disabling injuries to his body which have resulted in surgery on Plaintiff's lower back and his permanent disability.

---

[1] The master of the vessel had previously instructed the crew to assist the shipyard workers if they asked for assistance. This made sense given the fact that the Defendant company and the shipyard were owned and operated by close family members.

[2] Subsequent investigation revealed that a weld – i.e., which had been used to hold the nut on the propeller shaft the last time the propeller had been installed at the shipyard – had not been completed cut off by the dockworkers prior

4

## V.
## CAUSES OF ACTION

**A.     FACTS:**

For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this Original Petition, as well as any additional facts which may be presented in any paragraph hereinunder.

**B.     "JONES ACT" NEGLIGENCE OF EMPLOYER:**

**1.**     As a seaman and member of the crew of the Defendant's vessel, Plaintiff is within that class of persons protected by 46 U.S.C.A. §30104, *et seq.*, known as the "Jones Act," which is cumulative of and supplemental to the general maritime law of the United States, the protection of which Plaintiff enjoys simply by virtue of his status as a seaman attached to and in the service of an identifiable vessel or fleet of vessels.

**2.**     Plaintiff was injured because of the negligence of the Defendant in the way the vessel was manned, equipped, operated, and maintained. More specifically, but without limitation to same, Plaintiff alleges that: Defendant failed to provide Plaintiff with a reasonably safe workplace; Defendant (by and through the master of the vessel) directed Plaintiff to perform work that he was not trained to do (i.e., Plaintiff did not know the bolt holding a propeller in place was welded to the propeller shaft); Defendant failed to provide Plaintiff with adequate and appropriate equipment to safely perform his duties; Defendant failed to provide the vessel with a crew that was adequate in both number and ability; and Defendant, acting by and through the master of the vessel or other supervisory personnel, required the performance of the relevant operations in a manner and at a time that was not reasonably prudent.

---

to the dockworkers requesting Plaintiff's help in removing the nut.

**3.** Plaintiff's injuries were inflicted without any contributing fault or neglect on his part, and solely because of the negligence of the Defendant, its agents, servants, employees, or representatives, as set forth above.

**4.** The negligent acts of the Defendant were and are a proximate cause of the injuries and damages sustained by the Plaintiff.

**C.    "UNSEAWORTHINESS":**

**1.** Plaintiff would further show that, at all times material to this cause, the vessel was "unseaworthy," as that term is understood under the general maritime law of the United States.

**2.** The unseaworthy condition of the vessel includes, but is not limited to, the Vessel's

(i) institution and implementation of defective policies and procedures concerning the performance of vessel operations, including directing the crew to assist in shipyard operations for which the crew was not trained;

(ii) lack of adequate or appropriate equipment to conduct the operations of the vessel(s); and,

(iii) lack of a sufficient number of personnel and/or a lack of appropriate personnel to safely conduct and complete the operations of the vessel.

**3.** These and other conditions existed on or with the vessel, creating an unseaworthy condition (i.e., rendering the vessel unsafe for its ordinary and intended purpose) which is and was a producing cause of the injuries sustained by the Plaintiff.

**D.    "MAINTENANCE" & "CURE":**

As Plaintiff was injured in the course and scope of his maritime employment by and for the vessel and/or its owner, under the general maritime law of these United States, Plaintiff was and is entitled to receive "maintenance" and "cure" from the vessel and/or its owner.

## VI.
## DAMAGES

**A.    "ACTUAL"/"COMPENSATORY" DAMAGES:**

  **1.** By reason of the foregoing, Plaintiff has sustained painful injuries to his back, body in general and mind in general, said injuries being of such a nature and severity as to render him incapacitated from work and result in permanent physical impairment.

  **2.** As a result of these injuries, Plaintiff will be unable to engage in any future activity of his vocation which demands the full use of his body and mind.

  **3.** As a result of the Defendant's conduct and/or the unseaworthiness of the vessel, as alleged, Plaintiff seeks to recover those damages provided by law, which include, but are not limited to, the reasonable and necessary medical expenses incurred by him to date; the reasonable and necessary medical expenses to be incurred by him in the future; physical pain and suffering that he has experienced in the past and will, in all reasonable probability, experience in the future; mental anguish that he has experienced in the past and will, in all reasonable probability, experience in the future; physical disfigurement; loss of earnings in the past; loss of wage earning capacity in the future; loss of physical capacity other than wage earning capacity; inconvenience; loss of life's enjoyments; and any and all other damages to which he may be entitled, all of which currently have a reasonable pecuniary value within the jurisdictional limits of this Court.

**B.    "MAINTENANCE" & "CURE":**

  **1.** Under the general maritime law of these United States, Plaintiff was and is entitled to receive adequate and timely "maintenance" and "cure" from the vessel and/or its owner, and he now asserts his right to receive said adequate and timely maintenance and cure.

**2.** The vessel and/or its owner has/have failed and refused to provide adequate and timely "cure" in the manner required by the general maritime law of these United States. As a result of the vessel's and/or its owner's failure and refusal to pay adequate and timely cure benefits, Plaintiff has suffered great hardship, including, but not limited to, an exacerbation of the physical and mental injuries alleged herein, and having to assume responsibility for the significant medical expenses incurred in obtaining the necessary treatment of his injuries.

**3.** This failure and refusal to provide adequate and timely cure to Plaintiff was and is willful and wrongful in nature.

**C.   ADDITIONAL COMPENSATORY DAMAGES, PUNITIVE DAMAGES, ATTORNEY'S FEES & EXPENSES:**

Because of the vessel's and/or its owner's willful and wrongful failure and refusal to pay adequate and timely cure, Plaintiff is required to proceed to Court on the issue of cure and ask for additional compensatory damages, punitive damages, reasonable attorney's fees and expenses.

## VII.
## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a TRIAL BY JURY, on all issues so triable.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendants in the form and manner prescribed by law, requiring Defendants to appear and answer herein, and that, upon final hearing hereon, Plaintiff have

**A.** Judgment against Defendant, for actual damages;

**B.** Pre-judgment interest, at the legal rate;

**C.** Post-judgment interest, at the legal rate;

**D.** Costs of Court; and,

**E.** All such other and further relief to which Plaintiff may be justly entitled.

>Respectfully submitted,
>
>BRUNKENHOEFER, P.C.
>500 N. Shoreline Blvd., Suite 1100
>Corpus Christi, Texas 78401-0354
>Tel:   (361) 888-8808
>Fax:   (361) 888-5855
>
>s/ R. Blake Brunkenhoefer
>R. Blake Brunkenhoefer
>(bbrunk@brunklaw.com)
>Texas Bar No. 00783739
>**E-service address:** efile@brunklaw.com*
>*\*E-service is only accepted at the above-designated e-service email address.*

9